## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

EVERETT G. CARTER          :
1012 Quinton Avenue        :
Trenton, NJ 08629          :     CIVIL ACTION
                           :
          Plaintiff,       :     No.:
                           :
      v.                   :
                           :     **JURY TRIAL DEMANDED**
SETCO INC., d/b/a SETCO LLC :
1244 S River Road          :
Cranbury, NJ 08512         :
          and              :
WENDY HORNICH              :
1244 S River Road          :
Cranbury, NJ 08512         :
                           :
          Defendants.      :
                           :

## CIVIL ACTION COMPLAINT

Plaintiff, Everett Carter (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.      Introduction

1.      Plaintiff has initiated this action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq*.) and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiffs seek damages as set forth herein.

### II.      Jurisdiction and Venue

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.      Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual with an address as set forth above.

7.      Defendant Setco Inc. (hereinafter "Defendant Setco") is a manufacturer of plastic products with locations throughout the United States.

8.      Defendant Wendy Hornich (hereinafter "Defendant Hornich") was at all times relevant herein, a high-level human resources manager who exercised control over Plaintiff's FMLA rights, Defendant Setco's leave policies, and oversaw Plaintiff's termination in violation of the FMLA.

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## VI. <u>Factual Background</u>

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff was hired by Defendant Setco in or about October of 2001, and in total, worked for Defendant Setco for approximately 9.5 years.

12. Plaintiff was employed by Defendant Setco as a machine operator and also worked as a lead operator.

13. Plaintiff worked very hard for Defendant Setco and performed his job very well while in the employ of Defendant Setco.

14. Plaintiff has however suffered for several years with a chronic ulcer disability, such that he has required ongoing medical treatment and multiple hospitalizations.

15. Plaintiff kept his management apprised of his disability and need for treatment.

16. Plaintiff was counseled and/or had neutral-attendance policy points attributed to him when he took intermittent time off for his own health problems.

17. Plaintiff was not offered or given intermittent leave time under the FMLA by Defendants while taking intermittent medical leave to care for his chronic health problem.

18. At all times relevant during Plaintiff's employment and while Defendant Hornich was employed as a human resources manager, Defendant Hornich was personally responsible for administering FMLA leave and overseeing FMLA-related matters on behalf of Defendant Setco.

19. In the timeframe of in or about March 30, 2011, Plaintiff specifically talked with Defendant Hornich and told her he needed a medical leave of absence to care for his wife.

20. In or about late March through mid-April of 2011, Plaintiff's wife was pregnant, menstruating uncontrollably, having severe abdominal problems, and she had limited mobility and could not care for herself in many respects.

21.     Plaintiff informed Defendant Hornich that his wife was very ill, informed her of his wife's health condition(s), and specifically requested time off under the FMLA or any other leave to care for his wife for approximately 2 weeks.

22.     Plaintiff was informed by Defendant Hornich that another employee was already out of work and that due to coverage issues, he was not allowed to take time off from work.

23.     Plaintiff delayed taking time off to care for his wife, but due to her ongoing health problems, Plaintiff had no choice but to take off from work beginning on or about April 6, 2011 for approximately a week (although he needed to care for her the week earlier as well).

24.     Defendants specifically counted Plaintiff's absences for his own health condition(s) against Plaintiff and attributed such absences towards Defendants' neutral attendance policy.

25.     Defendants specifically counted Plaintiff's absences for time he took off from work to care for his wife's serious health condition(s) and attributed such absences towards Defendants' neutral attendance policy.

26.     Plaintiff was terminated from Defendants for taking time off to care for his own health condition and to care for his wife when she suffered from a serious health condition.

**Count I**
**Violations of the Family & Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**- Against Both Defendants -**

27.     The foregoing paragraphs are incorporated herein as if set forth in full.

28.     Defendant Setco employed more than 50 employees in 2010 and 2011 within 75 miles of Plaintiff's work site.

29.     Plaintiff worked for Defendant Setco for more than 1 year, and he worked at least 1,250 hours in each of his last 3 years of employment with Defendant Setco.

30.     Defendants committed both interference and retaliation violations of the FMLA by: (1) failing to inform Plaintiff of his FMLA rights through individualized notifications as required; (2) failing to designate Plaintiff's FMLA-qualifying leave as FMLA; (3) counting FMLA qualifying leave/absences against Plaintiff for the purpose of counseling, discipline, termination and/or Defendants' neutral attendance policy; (4) terminating Plaintiff because he attempted to exercise his rights under the FMLA; and (5) terminating Plaintiff to prevent him from further exercising his FMLA rights.

**Count II**
**Violations of the NJ Family Leave Act ("FLA")**
**(Interference & Retaliation)**
**Against Defendant Setco Only**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Defendant committed both interference and retaliation violations of the FLA by: (1) failing to inform Plaintiff of his FLA rights through individualized notifications as required; (2) failing to designate Plaintiff's FLA-qualifying leave as FLA; (3) counting FLA qualifying leave/absences against Plaintiff for the purpose of counseling, discipline, termination and/or Defendants' neutral attendance policy; (4) terminating Plaintiff because he attempted to exercise his rights under the FLA; and (5) terminating Plaintiff to prevent him from further exercising his FLA rights.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiffs and make Plaintiff Whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded liquidated damages under the FMLA or punitive damages under the FLA, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages under the FLA;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiffs in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF & KARPF, P.C.**

By:
    Ari R. Karpf
    3331 Street Road
    Two Greenwood Square
    Suite 128
    Bensalem, PA 19020
    (215) 639-0801

Dated: January 5, 2012